# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMELLA, CARMELO J., | ) | Case No. 13-26329 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date: August 25, 2016** |
| | ) | **Hearing Time: 9:30 a.m. CDT** |
| | ) | |

## NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on Thursday, August 25, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 in United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, 60604, or before any other judge who may be sitting in her place and stead, and present the attached **Final Fee Application of Urban Asset Recovery Solutions, LLC, as Asset Recovery Specialist for the Trustee, for Payment of Compensation for Services Rendered for the Period from November 23, 2015 to August 1, 2016**, at which time and place you may appear if you so desire.

| | |
|---|---|
| Dated: August 2, 2016 | RONALD R. PETERSON, not individually but as chapter 7 Trustee for the bankruptcy estate of Carmelo J. Amella, |
| | By: _____/s/ *Ronald R. Peterson*_____ <br>             Ronald R. Peterson |

Ronald R. Peterson (2188473)
Nicholas E. Ballen (6320258)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
TEL:  312-222-9350
FAX:  312-527-0484

*Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, an attorney, hereby certify that on August 2, 2016, a copy of the foregoing **Notice of Motion** and the following **Final Fee Application of Urban Asset Recovery Solutions, LLC, as Asset Recovery Specialist for the Trustee, for Payment of Compensation for Services Rendered for the Period from November 23, 2015 to August 1, 2016** was served electronically by the Court's CM/ECF system or by first class U.S. mail postage prepaid to the parties indicated on the following service list.

                                                                                                                      /s/  *Ronald R. Peterson*
                                                                                                                 Ronald R. Peterson

## SERVICE LIST

**Via ECF Notification:**

**Patrick S. Layng**, USTPRegion11.ES.ECF@usdoj.gov

**Robert R. Benjamin**, rrbenjamin@golanchristie.com

**Tom Vaughan**, chiweb@tvch13.net

**Andrew J. Nelson**, anelson@atty-pierce.com

**Toni Townsend**, toni.townsend@peirceservices.com

**Via U.S. Mail:**

**Carmelo J. Amella**
2826 S. Emerald Street
Chicago, IL 60616

**Miranda E. Byrd**
Kaplan Papadakis & Gournis, P.C.
180 N. LaSalle Street, Suite 2108
Chicago, IL 60601

**Toni Townsend**
Pierce & Associates, P.C.
1 N. Dearborn Street, Suite 1300
Chicago, IL 60602

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMELLA, CARMELO J., | ) | Case No. 13-26329 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date: August 25, 2016** |
| | ) | **Hearing Time: 9:30 a.m. CDT** |
| | ) | |

**FINAL FEE APPLICATION OF URBAN ASSET RECOVERY SOLUTIONS, LLC, AS ASSET RECOVERY SPECIALIST FOR THE TRUSTEE, FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED FOR THE PERIOD FROM NOVEMBER 23, 2015 TO AUGUST 1, 2016**

Urban Asset Recovery Solutions, LLC ("Urban"), asset recovery specialist for Ronald R. Peterson, as the chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Carmelo J. Amella (the "Debtor"), hereby submits, pursuant to 11 U.S.C. §§ 327, 328, and 330, and the December 15, 2015 Order of this Court authorizing the Trustee to retain Urban, this first and final fee application (this "Application") for final approval and allowance of compensation in the amount of $20,046.56 for the reasonable and necessary services rendered to the Trustee for the period from November 23, 2015 to August 1, 2016 (the "Application Period"). In support whereof Urban states:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Fee Guidelines—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. § 58 app. A (the "Guidelines"), and this Court's December 15, 2015 Order authorizing the Trustee to retain Urban as an asset recovery specialist. (Dkt. 43.)

**Background**

3. On June 27, 2013 (the "Petition Date"), the Debtor filed a case under chapter 7 of the Bankruptcy Code. Thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as the chapter 7 Trustee.

4. On September 17, 2013, the Trustee filed a no asset report in this case.

5. On October 21, 2013, the Debtor received a discharge and this case was closed.

6. On August 26, 2015, this case was reopened on the Trustee's request in light of newly-discovered assets of the Debtor, namely surplus proceeds of foreclosure sales of certain parcels of real estate in pending state court foreclosure actions.

7. In light of the foregoing, the Trustee determined that the use of an asset recovery specialist to gather the information necessary to recover for the estate some or all of foreclosure surpluses would benefit the estate and its administration and be in the best interest of the estate.

8. On December 4, 2015, the Trustee filed a motion (the "Retention Motion") seeking authorization to retain Urban as an asset recovery specialist pursuant to a retention agreement (the "Asset Recovery Agreement") attached as Exhibit B to and incorporated by reference into the Retention Motion. (Dkt. 42, 42-2.)

2

9. On December 15, 2015, the Court entered an Order, retroactive to November 23, 2015, authorizing the Trustee to retain Urban under the terms of the Asset Recovery Agreement (the "December 15 Order"). (Dkt. 43.)

10. The Asset Recovery Agreement contemplated compensation in the amount of a contingent research fee equal to 25% of the gross amount of funds recovered by the Trustee as a result of the services rendered by Urban, specifically the gross recovery of funds by the Trustee from the state court foreclosure surpluses. (*See* Dkt. 42, 42-2.)

11. The December 15 Order authorized the Trustee's retention of Urban on the same terms, namely "for a contingent 25% research fee, to be calculated and paid from the gross amount recovered by the estate from the foreclosure surpluses . . . ." (Dkt. 43.)

**Professional Compensation Requested**

12. Urban submits this Application seeking approval and allowance of payment for compensation in the amount of $20,046.56 for actual and necessary professional services rendered by Urban during the Application Period pursuant to the December 15 Order and the Asset Recovery Agreement.

13. During the Application Period, Urban researched and gathered information on the foreclosure surpluses necessary for the Trustee to recover some or all of those surplus proceeds.

14. As a result of the services rendered by Urban, the Trustee was able to recover a gross amount of $80,186.24 from the foreclosure surpluses, per the Form 2 dated July 25, 2016 and attached hereto as **Exhibit A**, and the copies of the endorsed checks received from the Clerk of the Circuit Court of Cook County for the foreclosure surpluses attached hereto as **Exhibit B**.

3

15. Pursuant to the December 15 Order and the Asset Recovery Agreement, Urban is entitled to a contingent 25% research fee calculated from the gross amount recovered from the foreclosure surpluses. (Dkt. 43, 42-2.)

16. Accordingly, Urban seeks compensation in the amount of $20,046.56, or 25% of $80,186.24, for the services Urban rendered during the Application Period.

17. All of the services for which Urban seeks final compensation Urban rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

18. Urban has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for the professional services rendered in this case.

19. Urban has not shared or agree to share: (a) any compensation it has received or may receive with another party or person, other than with the members of Urban; or (b) any compensation another person or party has received or may receive. Neither Urban nor any of its members have received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

20. Urban submits that the above professional services rendered by Urban during the Application Period were necessary, appropriate, and beneficial to the Trustee's administration of the estate and were in the best interest of the estate. Urban further submits that the compensation requested in this Application is reasonable in light of the nature, extent, and value of the services rendered to the Trustee, and pursuant to the December 15 Order and Asset Recovery Agreement. (*See* Dkt. 43, 42-2.)

## Notice

21.     Notice of this Application has been given to all parties which have requested notice and all creditors who have filed proofs of claim.

## Prayer for Relief

WHEREFORE, Urban respectfully requests that the Court: (i) approve and allow the payment of compensation to Urban for professional services rendered during the Application Period in the amount of $20,046.56; and (ii) grant such other and further relief as the Court may deem just.

          /s/  *Alford Elliott*
          Alford Elliot
          Urban Asset Recovery Solutions, LLC

Date: August 2, 2016